**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-50737
Summary Calendar
_____


ADRIAN A. MILES,

                              Plaintiff-Appellant,

            VERSUS

            JEFFREY P. LAMB,
        Sergeant, Hughes Unit,
                and
            BRIAN K. ROWE,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Western District of Texas
(W-95-CV-323)
_____

October 7, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]


    Adrian Miles, a state prisoner, filed a *pro se* 42 U.S.C.
§ 1983 complaint alleging excessive use of force and deliberate
indifference to his safety.  Miles appeals the magistrate judge's
denial of his motion for appointment of counsel.  *See* 28 U.S.C.
§ 636(c).  We review for abuse of discretion.  *Jackson v. Dallas*

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

*Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).  Finding no reversible error, we affirm.[1]

I.

No automatic right to counsel exists in a § 1983 case.  *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Instead, we appoint counsel only in those cases in which "exceptional circumstances" are present.  *Id*.  In determining whether exceptional circumstances exist, "two basic factors" control: "the type and complexity of the case, and the abilities of the individual bringing it."  *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  Although from time to time we have elaborated on these factors, *see Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (listing "type and complexity" of case; indigent's ability to present case; indigent's ability to investigate case; and indigent's "skill in . . . presentation" as factors), case complexity and indigent ability predominate.  *See Cupit,* 835 F.2d at 86; *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985) (citing *Branch*, 686 F.2d at 266).  Indeed, the "additional" factors listed in *Ulmer* are merely functions of case complexity and indigent ability.

The magistrate judge found that Miles's case "is not . . . complex, nor does it raise any new or novel issues.  Additionally, the pleadings filed herein, indicate that the Plaintiff is able to litigate the action *pro se*."  Because the record supports this

---

[1] Miles has also moved for appointment of appellate counsel.  Because he has not demonstrated exceptional circumstances, this motion is denied.

determination, the court did not abuse its discretion.  While a more detailed explanation of the findings would have facilitated our review, we hasten to add that on a record as clearly devoid of "exceptional circumstances" as this one, even purely conclusional determinations can be upheld on appeal.  See *Jackson*, 811 F.2d at 261.

AFFIRMED.